**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 22-10884-TBM |
| FOODSPACE TECHNOLOGY, INC. | ) | |
| | ) | |
| Debtor. | ) | Chapter 7 |
| _____ | ) | |
| IN RE: | ) | |
| | ) | |
| M. STEPHEN PETERS | ) | Adv. Pro. No. |
| CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| RAMP BUSINESS CORPORATION | ) | |
| Defendant | ) | |

**COMPLAINT**

M. STEPHEN PETERS Chapter 7 Trustee, through his undersigned counsel, respectfully submits his COMPLAINT against Ramp Business Corporation, and states as follows:

**JURISDICTION**

1. This Court has core jurisdiction over this action pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (E), (F) and (O). This Court also has jurisdiction over matters arising in or related to a case under Title 11, pursuant to 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**PARTIES**

3. M. Stephen Peters is the Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate. His principal mailing address is PO Box 4610; Frisco, CO 80443.

4. Ramp Business Corporation ("Ramp") is a Delaware corporation that does business in the State of Colorado. Ramp maintains its principal office address at 28 West 23rd Street, Floor 2, New York, NY 10010. Ramp can be served through

its Registered Agent, CT Corporation System; 7700 E. Arapahoe Road, Suite 220; Centennial, CO 80112-1268.

## GENERAL ALLEGATIONS

5. Foodspace Technology, Inc. ("Debtor") filed a petition for bankruptcy relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") on March 18, 2022 (the "Petition Date").

6. The Trustee is the duly appointed and acting Chapter 7 Trustee for the Debtor's bankruptcy case.

7. According to the Debtor's Statement of Financial Affairs, it paid Ramp the sum of $20,183.94 in the 90-days prior to the Petition Date (the "Transfers").

8. Ramp is listed on the Debtor's Schedule F as a creditor, holding a claim in the sum of $1,769.60.

9. The Trustee wrote to Ramp, demanding either a return of the Transfers to the Trustee, or for an explanation of any defenses Ramp might have to the Trustee's claims. Ramp did not respond to the Trustee's outreach.

## FIRST CLAIM FOR RELIEF
(Avoidance of Transfer 11 U.S.C. § 547(b))

10. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 9 as though more fully set forth herein.

11. Within the 90-days prior to the Petition Date, Debtor paid Ramp the sum of $20,183.94.

12. The Transfers constitute a transfer of the Debtor's property within the meaning of 11 U.S.C. §§ 101(54) and 547.

13. The Transfers were made to or for the benefit of Ramp in its capacity as creditor of Debtor.

14. The Transfers were made for or on account of an antecedent debt owed by Debtor before the transfers were made.

15. The Transfers were made while Debtor was insolvent.

16. The Transfers caused Ramp to receive more than it would receive if:

    a. The case were a case under Chapter 7 of the Bankruptcy Code;

      b.      The transfers had not been made; and

      c.      Ramp received payment of the debt to the extent provided by the provisions of the Bankruptcy Code

17. The Transfers, along with any other transfer or payment to Ramp and made within 90-days of the Petition Date, are avoidable by the Trustee under 11 U.S.C. § 547(b).

18. Ramp is the initial transferee of the Transfer.

19. To the extent that the Transfers are avoided, pursuant to 11 U.S.C. §550, the Trustee is entitled to:

      a.      recover the Transfer from Ramp, or,

      b.      the value of the Transfer, at the time the Debtor filed for relief.

WHEREFORE, the Chapter 7 Trustee, respectfully requests that this Court enter judgment in his favor and against Ramp, avoiding the Transfers as preferences pursuant to 11 U.S.C. § 547(b), and awarding the Trustee his taxable costs. In the alternative, the Chapter 7 Trustee respectfully requests that the Court enter a money judgment in the Trustee's favor and against Ramp in an amount equal to the value of the Transfers, plus prejudgment interest from the date of the filing of the Trustee's Complaint, the Trustee's taxable costs, and such other and further relief as may be appropriate.

## SECOND CLAIM FOR RELIEF
(Preservation of Avoided Transfer)

20. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 19 as though more fully set forth herein.

21. To the extent any transfers of Debtor's real and personal property are avoided, they are preserved for the benefit of Debtor's bankruptcy estate.

WHEREFORE, the Trustee respectfully requests the Court enter judgment in his favor and against Ramp preserving any and all avoided transfers against the Debtor's real and personal property for the benefit of Debtor's bankruptcy estate, and for such other and further relief as may be appropriate.

## THIRD CLAIM FOR RELIEF
(Turnover of Property of the Estate 11 U.S.C. §§ 542 and/or 543)

22. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 21 as though more fully set forth herein.

23. Ramp is in possession and control of monies and property belonging to the Bankruptcy Estate, including the Transfers or the proceeds therefrom, as more fully alleged above and below, all of which have value to the estate.

24. Trustee made demand on Ramp for turnover which have been ignored and/or refused.

25. The Trustee is entitled to an Order requiring Ramp to turnover monies and property belonging to Debtor's bankruptcy estate to the Trustee, including the Transfers or to account for such property and turnover the value thereof. 11 U.S.C. §§542 and 543.

WHEREFORE, the Trustee respectfully requests the Court enter judgment in his favor and against Ramp for the turnover of monies and property belonging to the Bankruptcy Estate including, but not limited to, the Transfers, or to account for such property and turnover the value thereof pursuant to 11 U.S.C. §§ 542 and/or 543, and for such other and further relief as may be appropriate.

**FOURTH CLAIM FOR RELIEF**
(Disallowance of Claim pursuant to 11 U.S.C. § 502)

26. The Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 25 as though more fully set forth herein.

27. 11 U.S.C. §502(d) provides:

> . . . [T]he court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549 or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(I), 542, 543, 550, or 553 of this title.

28. Until such time as Ramp pays the amounts of the value of the Transfers to the Trustee, all claims asserted by Ramp against the underlying bankruptcy estate must be disallowed in their entirety, pursuant to 11 U.S.C. §502(d).

29. The Trustee expressly reserves the right to object to any claims of Ramp on any grounds other than 11 U.S.C. §502(d) in the underlying bankruptcy case.

WHEREFORE, the Trustee respectfully requests that pursuant to 11 U.S.C. § 502(d), this Court enter judgment in favor of the Trustee and against Ramp disallowing any claims of Ramp

against the bankruptcy estate until Ramp pays the amounts of the value of the Transfers to the Trustee, and for such other and further relief as may be appropriate.

DATED this 9th day of February, 2024.

Respectfully submitted,

*/s/ Jonathan M. Dickey*

Jonathan M. Dickey, #46981
KUTNER BRINEN DICKEY RILEY, P.C.
1660 Lincoln Street, Suite 1720
Denver, CO 80264
jmd@kutnerlaw.com
Telephone: 303-832-3047
ATTORNEY FOR THE TRUSTEE